IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE ROSE III,<br><br>    Plaintiff,<br><br>  v.<br><br>PLASTIKON IND.,<br><br>    Defendant.<br>                                / | No. C 10-04355 WHA<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT FOR FAILURE TO PROMOTE DUE TO RACIAL DISCRIMINATION** |

**INTRODUCTION**

In this employment discrimination action, pro se plaintiff moves for summary judgment against defendant for failure to promote due to racial discrimination. For the reasons stated below, plaintiff's motion is **DENIED**, and the hearing on December 8 is **VACATED**.

**STATEMENT**

In September 2010, Plaintiff Willie Rose commenced this Title VII action against defendant Plaskiton Ind. for failure to promote due to racial discrimination. Plastikon is a plastic injection molding company that produces automotive, medical, and electronic parts. Rose worked at Plastikon from December 2000 until February 2009 in the company's shipping and receiving facility. Rose held the position of Loader when he was fired on February 26, 2009. Palistikon fired Rose for making verbal threats to his supervisor, Neel Prasad (Doc 29-7 at 4). A couple of weeks before Rose was discharged, he had filed a harassment and

1 discrimination complaint with human resources against Mr. Prasad (Doc 29-7 at 5). In
2 March 2009, Plaskiton's human resource department finished its investigation and did not find
3 harassment or discrimination against Rose (*ibid.*).

4 In September 2009, Rose filed a Charge of Discrimination with the EEOC alleging that
5 the dates of discrimination took place between October 2008 and February 2009 (Doc. 29-1 at 5).
6 The EEOC was unable to determine if there was discrimination and closed its investigation in
7 July 2010 (Doc. 29-3 at 2).

8 Most of the other relevant facts are in dispute, as discussed below.

## ANALYSIS

### 1. LEGAL STANDARD.

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FRCP 56(c). An issue is "genuine" only if there is sufficient evidence for a reasonable fact-finder to find for the non-moving party, and "material" only if the fact may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). All reasonable inferences, however, must be drawn in the light most favorable to the non-moving party. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004).

A trial court can only consider admissible evidence in ruling on a motion for summary judgment. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). The focus, however, is on the admissibility of the evidence's contents, not its form. *Fraser v. Goodale*, 342 F.3d 1032, 1037 (9th Cir. 2003).

### 2. FAILS TO ESTABLISH PRIMA FACIE CASE AGAINST DEFENDANT FOR FAILURE TO PROMOTE DUE TO RACIAL DISCRIMINATION.

"The complainant in a Title VII trial must carry the initial burden under the statute of establishing a prima facie case of racial discrimination. This may be done by showing (i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants

2

from persons of complainant's qualifications." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). "At the summary judgment stage, the requisite degree of proof necessary to establish a prima facie case . . . is minimal and does not even need to rise to the level of a preponderance of the evidence." *Lyons v. England*, 307 F.3d 1092, 1112 (9th Cir. 2002) (citations omitted).

Rose fails to submit sufficient evidence that could establish a prima facie case for failure to promote due to discrimination. In his complaint, Rose, an African American male, alleged that he was discriminated against on or about 2006 (Compl. ¶ 7). Rose does not submit any evidence that he applied for and was qualified for an available position. He does not identify the position he claims he did not get due to racial discrimination, who was promoted in his place, or how he was qualified for it.

### 3. GENUINE DISPUTES OF MATERIAL FACTS.

In his motion for summary judgment, Rose alleges a slew of discriminatory acts against him: His supervisor, Neel Prasad, tried to sabotage Rose's position at the company by writing Rose up for fabricated violations (Doc. 29 at 3). A former supervisor told Rose that Warehouse Manager Ernesto Meza said he only wanted Mexicans working in the shipping department (*ibid.*). Rose was warned by a supervisor that a group of people would be coming to "try to do something to him" at work (*ibid.*). Mr. Meza told Mr. Prasad to write Rose up for any minor violations after Rose complained of harassment at work (*id.* at 4). Rose requested, but was denied, the authorization to seek medical assistance while at work (*ibid.*). His complaints of endangerment and anguish were ignored as retaliation for filing a harassment and discrimination complaint (*id.* at 5).

All allegations of discrimination are based on Rose's own account of the events. Plastikon denies these allegations. Where there is documentary evidence of the factual background, there is no clear discriminatory purpose. In other words, there are many genuine disputes of material facts that preclude summary judgment.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion for summary judgment is **DENIED**. The hearing set for December 8, 2011 is **VACATED**. Date of jury trial will stand at January 9, 2012.

**IT IS SO ORDERED.**

Dated: December 1, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE