IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIE ROSE III,

    Plaintiff,

  v.

PLASTIKON INDUSTRIES, INC.,

    Defendant.

No. C 10-04355 WHA

**FINAL PRETRIAL ORDER**

**FOR GOOD CAUSE** and after a final pretrial conference, the Court issues the following final pretrial order:

1. This case shall go to a **JURY TRIAL** on **JANUARY 9, 2012**, at **7:30 A.M.**. However, the trial date will be postponed if a large criminal trial before the undersigned judge begins as scheduled on January 4, 2012.

2. Defendant Plastikon is limited to the witnesses and exhibits disclosed in its proposed final pretrial order. Plaintiff Rose is limited to the witnesses disclosed in his initial disclosures because he failed to file a final pretrial order. Plaintiff Rose is limited to the exhibits that he gives a copy of to defendant's counsel at 4309 Hacienda Drive, Suite 350, Pleasanton, CA 94588-2746, by **11:00 A.M ON THURSDAY, DECEMBER 22, 2011**. As warned by the Court at the pretrial conference, any exhibits that are not given to defendant's counsel by that time shall be excluded at trial. Plaintiff Rose is already in violation of the Federal Rules for not filing his final pretrial order and attaching a list of exhibits.

3. A jury of **EIGHT PERSONS** shall be used.

4. Each side shall have **SIX HOURS** to examine witnesses (counting direct examination, cross-examination, re-direct examination, re-cross examination, etc.).

1  Opening statements and closing arguments shall not count against the limit. Opening
2  statements are limited to **30 MINUTES**. If, despite being efficient, non-duplicative, and
3  non-argumentative in the use of the allotted time, one side runs out of time and it would be a
4  miscarriage of justice to hold that side to the limit, then more time will be allotted.

5.  The parties shall follow the Court's current *Guidelines for Trial and Final Pretrial Conference*, separately provided and available on the Internet at http://www.cand.uscourts.gov, which guidelines are incorporated as part of this order.

**DEFENSE MOTION IN LIMINE NO. 1**

This is **DENIED.** The pleading goes beyond "failure to promote."

**DEFENSE MOTION IN LIMINE NO. 2**

While the $2.5 million figure is baseless, this motion is **DENIED** insofar as it seeks to prevent plaintiff from testifying to the type of damages that would normally flow from the alleged discrimination/retaliation, such as loss of wages, pain from being shoved, etc.

**DEFENSE MOTION IN LIMINE NO. 3**

Plastikon moves, pursuant to FRCP 37, to preclude *all* evidence, testimony, and references offered by Rose that was not disclosed pursuant to FRCP 26 or during his deposition. Plastikon's request is broad, vague, and unwarranted at this time. As the undersigned judge becomes more familiar with the facts, certain evidence and testimony may be excluded at trial if it was not properly disclosed and the nondisclosure is not harmless and not substantially justified.

**IT IS SO ORDERED.**

Dated: December 20, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE