**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIE ROSE,

    Plaintiff,

  v.

PLASTIKON INDUSTRIES, INC.,

    Defendant.

                                                   /

No. C 10-04355 WHA

**FINAL CHARGE TO THE JURY**

1.

Members of the jury, it is now time for me to give you the final instructions, including instructions on the law that governs this case. A copy of these instructions will be available in the jury room for you to consult as necessary.

It is your duty to find the facts from all the evidence and to decide whether the side with the burden of proof has carried that burden, applying the elements of proof required by the law, elements I will provide you in a moment. In following my instructions, you must follow all of them and not single out some and ignore others. You must not read into these instructions or into anything the Court may have said or done as suggesting what verdict you should return — that is a matter entirely up to you.

2.

The evidence from which you are to decide what the facts are consists of:

1. The sworn testimony of witnesses, whether presented in person or by depositions;
2. The exhibits received into evidence; and
3. Any stipulated facts.

3.

Certain things, however, are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments, statements and objections by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence itself. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.
2. A suggestion in a question by counsel or the Court is not evidence unless it is adopted by the answer. A question by itself is not

evidence. Consider it only to the extent it is adopted by the answer.

3. Testimony or exhibits that have been excluded or stricken, or that you have been instructed to disregard, are not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the Court was not in session is not evidence.

4.

Certain charts and summaries have been received into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

5.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard, or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may explain the presence of water on the sidewalk. Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense. You should consider both kinds of evidence.

1 The law makes no distinction between the weight to be given to either direct or circumstantial
2 evidence. It is for you to decide how much weight to give to any evidence.

6.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it or none of it. In considering the testimony of any witness, you may take into account:

1. The opportunity and ability of the witness to see or hear or know the things testified to;
2. The witness' memory;
3. The witness' manner while testifying;
4. The witness' interest in the outcome of the case and any bias or prejudice;
5. Whether other evidence contradicted the witness' testimony;
6. The reasonableness of the witness' testimony in light of all the evidence; and
7. Any other factors that bear on believability.

7.

You are not required to decide any issue according to the testimony of a number of witnesses, which does not convince you, as against the testimony of a smaller number or other evidence, which is more convincing to you. The testimony of one witness worthy of belief is sufficient to prove any fact. This does not mean that you are free to disregard the testimony of any witness merely from caprice or prejudice, or from a desire to favor either side. It does mean that you must not decide anything by simply counting the number of witnesses who have testified on the opposing sides. The test is not the number of witnesses but the convincing force of the evidence.

You should base your decision on all of the evidence regardless of which party presented it.

4

8.

A witness may be discredited or impeached by contradictory evidence or by evidence that, at some other time, the witness has said or done something or has failed to say or do something that is inconsistent with the witness' present testimony. If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

9.

Discrepancies in a witness' testimony or between a witness' testimony and that of other witnesses do not necessarily mean that such witness should be discredited. Inability to recall and innocent misrecollection are common. Two persons witnessing an incident or a transaction sometimes will see or hear it differently. Whether a discrepancy pertains to an important matter or only to something trivial should be considered by you.

However, a witness willfully false in one part of his or her testimony is to be distrusted in others. You may reject the entire testimony of a witness who willfully has testified falsely on a material point, unless, from all the evidence, you believe that the probability of truth favors his or her testimony in other particulars.

10.

In determining what inferences to draw from evidence you may consider, among other things, a party's failure to explain or deny such evidence.

11.

Now I will address the burden of proof. In this case, the preponderance of the evidence standard applies on all issues, so whoever has the burden of proof on an issue must carry that issue by a preponderance of the evidence. When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. To put it differently, if you were to put the evidence favoring a plaintiff and the evidence favoring a defendant on opposite sides of a scale, the party with the burden of proof on the issue would have to make the scale tip somewhat toward its

side. If the party fails to meet this burden, then the party with the burden of proof loses on the issue. Preponderance of the evidence basically means "more likely than not."

12.

I will now turn to the law that applies to this case.

13.

The issue in this case is not whether Mr. Rose was treated fairly or whether you agree with the management style of Plastikon. Rather, the issue in this case concerns a specific retaliation claim under Title VII of the Civil Rights Act.

14.

To prevail on his retaliation claim under the Civil Rights Act, plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1. That plaintiff engaged in or was engaging in an activity protected under federal law, namely that he made a complaint of discrimination and harassment to his employer about his supervisor Neel Prasad;

2. That his employer then subjected plaintiff to an adverse employment action, namely that he was terminated from his position as a loader in the shipping/receiving warehouse; and

3. That the protected activity was a motivating factor in the adverse employment action.

If you find that plaintiff has failed to prove any of these elements, your verdict must be for defendant. If plaintiff has proven all three of these elements, plaintiff is entitled to your verdict, unless defendant has proven by a preponderance of the evidence that it would have made the same decision even if plaintiff's participation in a protected activity had played no role in the employment decision, in which event your verdict must be for defendant.

15.

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered. The party seeking damages has the burden of proving damages by a preponderance of

1 the evidence, and it is for you to determine what damages, if any, have been proven. Damages
2 means the amount of money that will reasonably and fairly compensate plaintiff for any injury
3 you find was caused by defendant.

4 If you find that defendant retaliated against plaintiff in violation of the Civil Rights Act,
5 you must determine plaintiff's damages.

6 Damages means the amount of money which will reasonably and fairly compensate
7 plaintiff for any injury you find was caused by defendant. In determining the measure of
8 damages, you should consider: the reasonable value of necessary medical care, treatment, and
9 services received to the present time; the reasonable value of necessary medical care, treatment,
10 and services which with reasonable probability will be required in the future; and the mental,
11 physical, and emotional pain and suffering experienced and which with reasonable probability
12 will be experienced in the future. No evidence of monetary value of such intangible things as
13 pain and suffering has been, or need be, introduced into evidence. There is no exact standard
14 for fixing the compensation to be awarded for these elements of damages. Any award you
15 make should be fair in light of the evidence presented at trial.

16 If you find liability, you should decide any and all compensatory damages *except* for lost
17 wages and job benefits both in the past and in the future. Damages on these losses are for the
18 Court to decide if you find liability. Your calculation of damages, if you find liability, must be
19 limited to other items of compensation.

20 In determining the amount of damages that you decide to award, you should be guided
21 by dispassionate common sense. You must use sound discretion in fixing an award of damages,
22 drawing reasonable inferences from the facts in evidence. You may not award damages based
23 on sympathy, speculation, or guesswork. On the other hand, the law does not require plaintiff
24 to prove the amount of his losses with mathematical precision, but only with as much
25 definiteness and accuracy as circumstances permit.

26                                                     16.

27 You are not permitted to include speculative damages, which means compensation for
28 future loss or harm which, although possible, is conjectural or not reasonably certain. Your

7

1  award must be based upon evidence and not upon speculation, guesswork or conjecture.
2  However, if you determine that a party is entitled to recover, you should compensate a party for
3  the loss or harm caused by the injury in question which the evidence shows is reasonably
4  certain to be suffered in the future.

17.

Any award for future economic damages must be for the present cash value of those damages. Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages would have been received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.

18.

Plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages. Defendant has the burden of proving by a preponderance of the evidence:

1. That plaintiff failed to use reasonable efforts to mitigate damages; and
2. The amount by which damages would have been mitigated.

19.

If you find for plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter a defendant and others from committing similar acts in the future.

You may award punitive damages only if you find that defendant's conduct that harmed plaintiff was malicious or in reckless disregard of plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring plaintiff. Conduct is in reckless disregard of plaintiff's rights if, under the circumstances, it reflects complete indifference to plaintiff's safety or rights, or if defendant acts in the face of a perceived risk that its actions will violate plaintiff's rights under federal law.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of defendant's conduct, including whether the conduct that harmed plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish defendant for harm to anyone other than plaintiff in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on plaintiff.

Whether punitive damages should be imposed, and if so, the amount thereof, is left to your sound discretion, exercised without passion or prejudice. If you decide that punitive damages should be awarded, you will have a short supplemental proceeding immediately following your verdict in order to receive more evidence and argument as to the amount that should be awarded.

20.

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court. I recommend that you select a foreperson who will be good at leading a fair and balanced discussion of the evidence and the issues.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict as to each claim and as to damages, if any, must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having

made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

I will give you a special verdict form to guide your deliberations.

21.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

22.

As I noted before the trial began, when you retire to the jury room to deliberate, you will have with you the following things:

1. All of the exhibits received into evidence;
2. A work copy of these jury instructions for each of you;
3. A work copy of the verdict form for each of you; and
4. An official verdict form.

When you recess at the end of a day, please place your work materials in the brown envelope provided and cover up any easels with your work notes so that if my staff needs to go into the jury room, they will not even inadvertently see any of your work in progress.

23.

A United States Marshal will be outside the jury-room door during your deliberations. If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the Court.

24.

You have been required to be here each day from 7:45 A.M. to 1:00 P.M. Now that you are going to begin your deliberations, however, you must stay until 4:00 P.M. You may, of course, take a reasonable lunch break. The Court recommends that you continue to start your deliberations by 8:00 A.M. If you do not reach a verdict by the end of today, then you will resume your deliberations on Monday and thereafter.

25.

You may only deliberate when all of you are together. This means, for instance, that in the mornings before everyone has arrived or when someone steps out of the jury room to go to the restroom, you may not discuss the case. As well, the admonition that you are not to speak to anyone outside the jury room about this case still applies during your deliberation.

26.

After you have reached a unanimous agreement on a verdict, your foreperson will fill in, date and sign the verdict form and advise the Court that you have reached a verdict. The foreperson should hold onto the filled-in verdict form and bring it into the courtroom when the jury returns the verdict. Thank you for your careful attention. The case is now in your hands. You may now retire to the jury room and begin your deliberations.

Dated: March 2, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE