IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIE ROSE,

    Plaintiff,

  v.

PLASTIKON INDUSTRIES, INC.,

    Defendant.

No. C 10-04355 WHA

**MEMORANDUM OPINION REGARDING MIXED MOTIVE JURY INSTRUCTION**

In a Title VII retaliation claim, either a "single motive" or "mixed motive" instruction can be provided to the jury. *See Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1067–68 (9th Cir. 2004) (citing *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 856–57 (9th Cir.2002) (en banc), *aff'd*, 539 U.S. 90 (2003)). On deciding which instruction to give, our court of appeals has provided the following guideline:

> If, based on the evidence, the trial court determines that the only reasonable conclusion a jury could reach is that discriminatory animus is the sole cause for the challenged employment action or that discrimination played no role at all in the employer's decisionmaking, then the jury should be instructed to determine whether the challenged action was taken "because of" the prohibited reason.
>
> . . . . .
>
> In contrast, in cases in which the evidence could support a finding that discrimination is one of two or more reasons for the challenged decision, at least one of which may be legitimate, the jury should be instructed to determine first whether the discriminatory reason was "a motivating factor" in the challenged action.

*Costa*, 299 F.3d at 856–57. In our case, the trial record supports a finding that unlawful

retaliation could be one of two reasons, the other reason being that plaintiff threatened his supervisor, for discharging plaintiff.

The trial evidence supports a reasonable conclusions that plaintiff was fired after making multiple complaints of discrimination and harassment against his supervisor. The proximity in time between plaintiff's complaints and his discharge supports this conclusion. After nine years of excellent performance reviews, plaintiff received an increasing number of write-ups after a new, allegedly discriminatory supervisor arrived. Six months after the supervisor's arrival, plaintiff was terminated only a couple of weeks after making his first complaint of harassment and discrimination by that supervisor.

The trial evidence also supports a reasonable conclusion that plaintiff was fired for verbally threatening his supervisor. The night before plaintiff was fired, plaintiff and his supervisor got into a heated argument. Although details of the argument are in dispute, percipient witness testimonies support a reasonable conclusion that plaintiff threatened his supervisor's life, which is a legitimate reason for discharge under company policy. The evidence supports a reasonable conclusion that defendant conducted an adequate investigation of the incident and discharged plaintiff based on that incident.

In sum, the evidence at trial supports a finding that both retaliation for plaintiff's harassment and discrimination complaints and plaintiff's threatening of a supervisor motivated defendant to discharge plaintiff. Therefore, the instruction shall use the "motivating factor" alternative.

Dated: March 2, 2012.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2